**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ex rel., ) | |
| TYRELLIS D. WRIGHT ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 04 C 3685 |
| v. ) | |
| ) | |
| KENNETH BRILEY ) | HONORABLE DAVID H. COAR |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Kenneth Briley's motion to vacate his sentence pursuant to 28 U.S.C. § 2254 is before this Court. For the following reasons, the motion is denied.

**I. FACTS**[1]

The statement of facts in this case as presented in the opinion of the Illinois Appellate Court is presumed correct for the purpose of federal habeas review. 28 U.S.C. §2254(e)(1); *Summer v. Mata*, 449 U.S. 539, 547 (1981). A summary of the pertinent facts follow.

In 1995, Petitioner, Tyrellis D. Wright, was indicted on two counts of first-degree murder. The State sought to prove that Petitioner, who was angry at the victim, Ami Faro, for interfering with his relationship with a girlfriend, lured the victim to a building where his grandmother lived and thereafter strangled the victim and bludgeoned her to death with a fire

---

[1]All facts are taken from the record in Illinois Appellate Court Rule 23 Order, No. 95 CF 2665, and *People v. Wright*, 329 Ill. App. 3d 462 (Ill. App. Ct. 2002).

extinguisher. In 1997, a jury convicted Petitioner of committing the offense. At the sentencing hearing, the trial court found that the murder was accompanied by brutal and heinous behavior indicative of wanton cruelty, and it imposed an extended-term sentence of 85 years' imprisonment. Petitioner filed a timely notice of appeal. On direct appeal, Petitioner alleged, inter alia, that (1) the State failed to prove him guilty beyond a reasonable doubt, (2) the trial court abused its discretion when it granted the State's motion *in limine* seeking exclusion of evidence; and (3) the trial court abused its discretion when it denied defendant's motion *in limine* seeking exclusion of evidence of "other bad acts" allegedly committed by defendant prior to the instant offense. The Appellate Court of Illinois affirmed Petitioner's conviction and sentence. Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied.

In February 2000, Petitioner filed a post-conviction petition pursuant to the Illinois Post Conviction Hearing Act. Petitioner later filed an amended post-conviction petition and a second amended post-conviction petition. The trial court summarily dismissed Petitioner's second amended post-conviction petition as patently without merit, and Petitioner filed a timely notice of appeal. On appeal, Petitioner alleged, *inter alia*, that he received ineffective assistance of counsel when defense counsel failed to 1) allow Petitioner to testify in his own defense at trial; (2) make a record of possible undue influence by the trial court; (3) obtain medical records and present medical evidence of defendant's grandmother; and (4) dismiss a juror. The state appellate court affirmed. Petitioner then filed for leave to appeal to the Supreme Court of Illinois; the petition was denied.

## II. STANDARD OF REVIEW

28 U.S.C. §2254 empowers federal district courts to hear petitions for a writ of habeas corpus on behalf of a person in state custody on the ground that he or she is in custody in violation of the Constitution, treaties, or laws of the United States. 28 U.S.C. § 2254(a) (1996); *see Wainwright v. Sykes*, 433 U.S. 72, 77 (1977). A federal court may only consider the merits of a writ of habeas corpus after the petitioner has (1) exhausted all available state court remedies; and (2) first presented any federal claim in state court. *See* 28 U.S.C. §2254(c) (1996); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Jones v. Washington*, 15 F.3d 671, 674 (7th Cir. 1994).

A federal court will not grant relief on claims that have been decided on the merits by state courts unless the state court's decision "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) (1996), or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2) (1996).

## III. ANALYSIS

### A. Exhaustion of State Court Remedies

The question of exhaustion "refers only to remedies still available at the time of the federal petition," such that an applicant for federal could still obtain relief if he sought it in the state system. *Engle v. Isaac*, 456 U.S. 107, 125-26 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 851-52 (1999). Under such circumstances, where state remedies are still available at the time of the federal petition, the federal court must generally abstain from intervening in the interest of

comity. *Id*. In the present case, there is no argument as to exhaustion; Respondent has already conceded that petitioner has exhausted his state court remedies.

**B. Insufficiency of Evidence**

Petitioner's habeas petition must be evaluated under 28 U.S.C. § 2254, where habeas relief is warranted when the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) (1996), or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2) (1996). A state court decision is contrary to Supreme Court precedent if it is inconsistent with the Supreme Court's treatment of a materially identical set of facts, or if the state court applied a legal standard that is inconsistent with the rule set forth in the relevant Supreme Court precedent. *Gilbert v. Merchant*, 488 F.3d 780, 790 (7th Cir. 2007). A state-court decision constitutes an unreasonable application of Supreme Court precedent within the meaning of § 2254(d)(1) when, although it identifies the correct legal rule, it applies that rule in a way that is objectively unreasonable. *Id*. A federal habeas court's own disagreement with a state court's analysis is not sufficient to meet this standard; rather, the state court's analysis must lie well outside the boundaries of permissible differences of opinion in order for the habeas court to characterize it as an unreasonable application of Supreme Court precedent. *Id*.

Petitioner claims insufficiency of evidence to prove that Petitioner was guilty beyond a reasonable doubt. For a sufficiency of evidence issue, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979). In the present case, the evidence reflects that, on June 16, 1995, Petitioner telephone victim at 8:40 p.m. and 8:52 p.m. from 917 Shiloh. Petitioner had asked victim for a ride earlier in the day. Victim's brother heard victim on the phone, and then leave shortly after. At approximately 9:08pm, a witness saw a very attractive female with long brown hair drive through the alley and park at 917 Shiloh. The victim was later found in the laundry room, just across from the Petitioner's grandmother's apartment at 917 Shiloh. Blood that matched the victim's blood was found on the grandmother's apartment doorknob and door plate. When Valisha Gomez arrived at the grandmother's apartment some time after 9 p.m., Petitioner was in the shower. Gomez waited for approximately 15 minutes, but Petitioner did not come out of the bathroom. Victim's blood was found on the grandmother's shower curtain. A rational trier of fact could conclude that the Defendant called the victim for another ride, that the victim came to 917 Shiloh, and was beaten and murdered by the Petitioner in the laundry room; then, the Petitioner crossed over to his grandmother's apartment to wash up, leaving a trail of the victim's blood along the doorway and in the bathroom.

Further reason to support Petitioner's guilt arose when Petitioner gave contradicting accounts of how he returned to 2020 Carmel from 917 Shiloh that night. During Officer Brooks' information gathering interviews, Petitioner told Brooks that Sherry and Conner drove him back to 2020 Carmel that evening. Days later, Petitioner volunteered to the police that Nilles picked him up from 917 Shiloh and drove him back to 2020 Carmel on the night of the murder. Nilles told the police that Petitioner asked her to corroborate this story, but the she in fact had been working at a gas station in McHenry County from 6 p.m. to 11 p.m. on June 16, 1995. A

reasonable finder of fact could have found Petitioner's theory of innocence lacking in credibility by his offering of different explanations, suggesting a consciousness of guilt.

Finally other evidence elicited that Petitioner had a motive to kill the victim because he was angry with her for interfering in his relationship with Daus. The victim had advised Daus not to see the Petitioner, and had assisted Daus in taking her to the police station when Petitioner punched Daus in the face. The timing, forensic evidence, witness testimonies, evidence of motive, and contradicting accounts given by the Petitioner all lead this court to find that a reasonable jury could have found the essential elements of the crime beyond a reasonable doubt. Petitioner's habeas petition is denied on this count.

### C. Evidentiary Rulings

Petitioner claims that he was denied due process when the trial court erred in (1) denying his motion to exclude evidence that he was violent towards a friend of deceased months prior to the deceased's murder, and (2) granting the State's motion to exclude evidence tending to show that the deceased was killed by someone other than petitioner. Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law. *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 952 (7th Cir. 1989). *See Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983); *Smith v. Phillips*, 455 U.S. 209, 221 (1982). For this reason, "state court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ for habeas." *Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990). Unless the petitioner demonstrates that "a specific constitutional right has been violated, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the defendant's due process rights by denying him a fundamentally fair trial." *Id.; Woodruff v. Lane*, 818 F.2d 1369,

1373 (7th Cir. 1987); *Burrus v. Young*, 808 F.2d 578, 581 (7th Cir. 1986); *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1014 (7th Cir. 1984). The question is whether the probative value of the state's evidence was so greatly outweighed by its prejudice that its admission (or omission) denied a fundamentally fair trial. *Milone v. Camp*, 22 F.3d 693 (7th Cir. 1994).

In the present case, the state court did not deny the Petitioner a fair trial by denying to exclude evidence that he was violent towards a friend of the victim months prior to the victim's murder. Evidence that victim intervened when Petitioner was violent towards his girlfriend, Daus, and that victim advised Daus to stop seeing Petitioner. This evidence goes to show that Petitioner had reason to murder victim, because of her intervention with Petitioner and Daus. This evidence had high probative value, and was not so greatly outweighed by its prejudice that its admission denied a fundamentally fair trial.

Petitioner also alleges that he should be granted habeas relief because the state trial court granted the State's motion to exclude evidence that Frank Curry or Chad Jenkins committed the murder–specifically that Curry was also dating the victim at the time of the murder, and that Jenkins had scratches on his face and had told a number of people, "I killed one white bitch, I can kill another." Although this evidence was probative, there was, however, no evidence that linked either Curry or Jenkins to the crime outside of Petitioner's motion *in limine*. Curry was seen at the building after the crime had already taken place and officers were on the scene. No evidence was presented establishing Curry's presence at the apartment before or during the time of the murder. The testimonies established that Curry had dated the victim in the past, but was not dating the victim at the time of the murder. Petitioner's allegations do no have evidentiary

support, and granting the State's motion il limine to exclude argument that Curry committed the murder did not warrant a fundamentally unfair trial. Further, no evidence was submitted to establish Jenkins' presence at or near the apartment before or during the crime. The record reflects that the police interviewed Jenkins and determined he was not a suspect. The State also argued that the victims fingernails were too short to inflict the scratch wounds on Jenkins' face. Because the evidence does not support Jenkins' presence at the scene during the crime, and the police determined he was not a suspect, excluding evidence of the scratch on his face and his comment, did not render the trial fundamentally unfair. Any error in excluding this evidence was harmless. Petitioner's petition for habeas relief based on the state court's evidentiary rulings is denied.

### D. Ineffective Assistance of Counsel

Petitioner raised the ineffective assistance of counsel claim in his first post-conviction petition. Of the various grounds he raised in his post-conviction petition, four were raised on appeal to the appellate court and the Illinois Supreme Court: (1) defense counsel failed to allow Petitioner to testify in his own defense at trial; (2) defense counsel failed to make a record of possible undue influence by the trial court; (3) defense counsel failed to obtain medical records and present medical evidence of defendant's grandmother; and (4) defense counsel failed to dismiss a juror. 28 U.S.C. § 2254 requires that only claims that have been fairly presented to state courts for a full round of review are eligible for habeas relief; they are otherwise procedurally defaulted. *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). When a petitioner has the opportunity to raise a claim before the state supreme court and fails to do so, his claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). Thus, all

grounds for ineffective assistance of counsel, outside of the above four that were presented to the Illinois Supreme Court for review, are procedurally defaulted. Further, where a state court has specifically invoked a procedural bar rule as a basis for its decision, this court is precluded from federal habeas review. *Harris v. Reed*, 489 U.S. 255, 264 (1989). In the post-conviction appeal decision, addressing the above four grounds for ineffective assistance of counsel, the state appellate court found that these claims were waived because Petitioner failed to raise them on direct appeal and did not demonstrate cause or prejudice. Because all four of the above claims were procedurally barred by the state appellate court, they are also procedurally defaulted in this court. Thus, Petitioner's ineffective assistance of counsel claim is procedurally defaulted in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Wright's Petition for a Writ of Habeas Corpus is DENIED. This case is closed.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

Dated: **September 28, 2007**